**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| CHERYL SAUNDERS, and those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )      CAUSE NO. 1:10-CV-00384 ) |
| WESLEYAN HEALTH CARE CENTER, INC., et al., | ) ) ) |
| Defendants. | ) |

### OPINION AND ORDER

Defendants filed a Motion to Compel Non-Party Discovery (Docket # 18) on January 28, 2011, seeking to compel non-party Indiana Department of Workforce Development ("IDWD") to respond to Defendants' subpoena *duces tecum* requesting IDWD's records relating to Plaintiff's application for unemployment compensation. IDWD has since agreed to produce the requested documents subject to an unopposed protective order; therefore, the merits of the motion to compel have been resolved, and the motion will be GRANTED. What remains, however, is Defendants' request under Federal Rule of Civil Procedure 37(a)(5) for an award of its attorneys' fees and costs in making the motion to compel.

For the following reasons, Defendants' request for attorneys' fees and costs will be DENIED.

### A. Factual and Procedural Background

Plaintiff alleges, among other things, that she was wrongfully terminated by Defendants in violation of the Indiana common law, Indiana's Wage Payment Act, and the Fair Labor

Standards Act of 1938. (Docket # 1.)       On January 6, 2011, Defendants served a subpoena *duces tecum* on IDWD for documents relating to Plaintiff's application for unemployment benefits. (Br. in Supp. Ex. A.)  IDWD objected to the subpoena via letter that same day, stating that the requested information was confidential pursuant to Indiana Code § 22-4-19-6 and may not be disclosed without a court order. (Br. in Supp. Ex. B.)

On January 11, 2011, Defendants' counsel contacted IDWD's attorney to attempt to resolve the matter without court involvement.  IDWD's counsel explained that it was IDWD's long-standing policy to object to a federal subpoena *duces tecum* on the basis that Indiana Code § 22-4-19-6 requires a court order for information to be released. (Br. in Supp. 2.)

Later that same day in an email to IDWD's counsel, Defendants' counsel explained his position that the subpoena *duces tecum* is a court order for purposes of § 22-4-19-6, attaching in support two Orders issued on the topic by federal Magistrate Judges. (Br. in Supp. 2 (citing *Barker v. Floyd Mem. Hosp. & Health Servs.*, 4:10-cv-26-RLY-WGH (S.D. Ind. Sept. 27, 2010); *Downey v. Dotson*, 1:02-cv-1448-DFH-TAB (S.D. Ind. Sept. 24, 2003)).  He also advised IDWD that Defendants would stipulate to restrictions for disclosure similar to those formulated by Magistrate Judge Hussmann in *Barker*: to maintain the confidentiality of the requested information, not use it outside the scope of this litigation, redact all personal identifiers, and destroy or return the information at the conclusion of the litigation. (Br. in Supp. Ex. G.)

After several more communications between counsel, Defendants' counsel requested an update from IDWD on January 26, 2011. (Br. in Supp. Ex. H.)  IDWD's counsel responded: "The section chief at the OAG asks that we file a Motion to Quash.  Our GC and AGC are scheduling another meeting with him to see if there's a better way to resolve this.  For the time

being, you may consider the request denied pending the outcome of their meeting." (Br. in Supp. Ex. H.)

On January 28, 2011, seven days *before* the deadline set forth in the subpoena, Defendants filed the instant motion to compel, requesting that this Court compel IDWD to produce the documents and order IDWD to pay Defendants' attorneys' fees and costs in preparing the motion. (Docket # 18.) In response, IDWD filed a motion for protective order, reiterating that it could release the requested documents only in obedience of a court order since they contain confidential identifiers (including medical information) relating to Plaintiff and employers other than Defendants. (Resp. Br. 2; Docket # 30.) Defendants objected to IDWD's proposed protective order, asserting that it reached well beyond the restrictions to which they had agreed to stipulate. (Docket # 31, 32.)

On March 3, 2011, IDWD filed an amended motion for protective order, which Plaintiff and Defendants do not oppose. (Docket # 36.) The next day, the Court held a hearing on the motion to compel. (Docket # 38.) Oral argument on the request for fees and costs was heard, and the Court then took the motion to compel under advisement. (Docket # 38.)

### B. Analysis

Defendants assert their request for attorneys' fees and costs under Federal Rule of Civil Procedure 37(a)(5), which governs the imposition of expenses and sanctions related to a motion to compel. Rule 37(a)(5) provides, in pertinent part:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting

> in good faith to obtain the disclosure or discovery without court action; (ii) the
> opposing party's nondisclosure, response, or objection was substantially justified;
> or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). In short, under Rule 37(a)(5), "'the loser pays' unless he establishes 'that his position was substantially justified.'" *Priest v. Brummer*, No. 1:06-CV-65, 2007 WL 2904086, at *2 (N.D. Ind. Oct. 3, 2007) (quoting *Rickels v. City of South Bend, Ind*., 33 F.3d 785, 786-87 (7th Cir. 1994)).

Applying this legal standard, Defendants are not entitled to an award of attorneys' fees and costs in this instance. To explain, Defendants' filing of the motion to compel on January 28, 2011, was premature, as Defendants had through February 5, 2011, to respond to the subpoena *duces tecum*. (See Br. in Supp. Ex. A.) In fact, IDWD had advised Defendants just two days earlier that although the section chief of the OAG wanted to file a motion to quash, its GC and AGC were "scheduling another meeting with him to see if there's a better way to resolve this." (Br. in Supp. Ex. H.) Therefore, contrary to Rule 37(a)(5), Defendants "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action".

Moreover, IDWD objected to the subpoena *duces tecum* in writing and asserted a colorable objection. (Br. in Supp. Ex. B); *see, e.g.*, *Barker*, No. 4:10-cv-0026-RLY-WGH, at Docket # 31. The colorable objection existed because certain portions of the information sought by Defendants (for example, medical information) are usually produced pursuant to a protective order. *See, e.g., id*.

As a result, although Defendants' motion to compel will be GRANTED, its request for attorneys' fees and costs in making the motion will be DENIED.

### C. Conclusion

For the foregoing reasons, Defendants' Motion to Compel Non-Party Discovery (Docket # 18) is GRANTED, except that their request for attorneys' fees and costs is DENIED.

SO ORDERED.

Enter for March 7, 2011.

S/Roger B. Cosbey            
Roger B. Cosbey,
United States Magistrate Judge
