UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHERYL SAUNDERS, and those similarly situated, ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | CAUSE NO.: 1:10-CV-384-TLS |
| ) | |
| WESLEYAN HEALTHCARE OPERATIONS ) | |
| COMPANY, LLC and TLC MANAGEMENT, ) | |
| INC., ) | |
| Defendants. ) | |

**OPINION & ORDER**

This matter is before the Court on the Motion for Partial Dismissal of Plaintiff's Second Amended Complaint [ECF No. 43] filed by the Defendants, Wesleyan Healthcare Operations Company, LLC and TLC Management, Inc., on March 21, 2011. The Plaintiff, Cheryl Saunders, filed a Response in Opposition to the Motion [ECF No. 47] on April, 7, 2011. The Defendants filed a Reply in Support of the Motion [ECF No. 48] on April 18, 2011. For the reasons explained below, the Court will deny the Defendants' Motion.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The reviewing court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("A plaintiff 'pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.'") (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007);

*McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In determining whether the complaint has properly stated a claim for relief, a "reviewing court [should] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

**FACTUAL BACKGROUND**

The Court accepts the Plaintiff's well-pleaded allegations as true and draws all inferences in her favor. Her allegations relevant to the Defendants' Motion follow. From July 2001 until August 2010 the Plaintiff worked for the Defendants. Her position required her to distribute prescription medications to patients. In August 2010, the Defendants fired the Plaintiff for refusing to comply with instructions she received from her supervisor. These instructions were to give medication belonging to one patient, referred to in the Complaint as Mr. B, to another patient, referred to as Mr. A. Mr. A had a prescription which needed to be filled. The Defendants did not have the drug available to fill Mr. A's prescription at the facility where he resided. The Plaintiff's supervisor, who was not a licenced physician, told her that the drug needed by Mr. A was the same as that belonging to Mr. B.[1] Mr. B paid for his own medication and did not authorize any employee of the Defendants to dispense his medication to others. The stated policy of the Defendants was to terminate employees who made errors in dispensing medication to

---

[1] The Plaintiff's Second Amended Complaint alleges that she did not know whether Mr. B and Mr. A actually had prescriptions for the same drug, but that rather, she was told by her supervisor that Mr. B's pills would fill Mr. A's prescription. (2d Am. Compl., ¶ 21-22, ECF No. 39.) Her original Complaint, however, alleged that Mr. B's pills would fill Mr. A's prescription. (Compl., ¶ 21, ECF No. 1.) The Court, through Magistrate Judge Roger B Cosbey, gave the Plaintiff leave to amend the Complaint and the Plaintiff did so. (Min. Entry, ECF No. 38.) The Court, therefore, may rely on the allegations presented in the Second Amended Complaint. Nevertheless, the Court notes that it would reach the same outcome here even if the allegations plainly indicated that Mr. A and Mr. B had prescriptions for the same drug.

residents. The Defendants terminated the Plaintiff's employment because she refused to take some of Mr. B's medication and give it to Mr. A.

## ANALYSIS

Although Indiana courts generally adhere to the default of at-will employment, they also provide a cause of action for wrongful termination where a plaintiff can show that he was fired "for refusing to commit an illegal act for which he would be personally liable." *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 393 (Ind. 1988); *see Meyers v. Meyers*, 861 N.E.2d 704, 706–07 (Ind. 2007) (compiling cases, including *McClanahan*, constituting "narrow exceptions" in Indiana to "the employment at will doctrine, which permits both the employer and the employee to terminate the employment at any time for a 'good reason, bad reason, or no reason at all'") (quoting *Montgomery v. Bd. of Trs. of Purdue Univ.*, 849 N.E.2d 1120, 1128 (Ind. 2006)).

The Plaintiff alleges that she was fired for refusing to commit an illegal act when she refused to give Mr. B's medication to Mr. A. The Plaintiff alleges that such conduct would have violated either federal drugs laws or Indiana's criminal conversion statute and that she could have been personally liable under either. The Defendant argues that the Plaintiff could not have violated either federal or state law by taking such action, or in the alternative, that the Defendants themselves, as corporate principals, would have been liable for any violation rather than the Plaintiff, who would have acted only as an agent.[2]

---

[2] The Plaintiff, at this stage, need only successfully plead her cause of action under one of these theories in order to survive a motion to dismiss. She has done so under federal law. The Court, therefore, will analyze her allegation that she would have been forced to violate the law only under federal law. The

Federal law—specifically, the Controlled Substances Act—provides comprehensive and detailed regulations governing the distribution and dispensing of controlled substances used as medication. *See* 21 U.S.C. § 801, *et seq.*; *Gonzales v. Oregon*, 546 U.S. 243, 250 (2006). With certain exceptions, inapplicable here, no controlled substances in Schedules II, III or IV may be dispensed without a prescription. 21 U.S.C. § 829(a)–(b) ("[N]o controlled substance in schedule II, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act . . . may be dispensed without the written prescription of a practitioner . . . . [N]o controlled substance in schedule III or IV, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act . . . may be dispensed without a written or oral prescription in conformity with section 503(b) of that Act.") (citations omitted). A prescription, as defined by the relevant regulations, must include, among other information, "the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a). Violations of § 829's limits on the distribution of controlled substances can be punished with criminal and civil sanctions. *See* 21 U.S.C. § 842(a)(1).

Drawing reasonable inferences in the Plaintiff's favor, her allegations support her contention that had she complied with her supervisor's instructions she would have violated the statute. The regulation which mandates what information must be contained in a written prescription indicates that a prescription is typically particular to the individual, the practitioner, the strength, and the dosage of the drug, not just to the drug itself. Since a written prescription is

---

Court provides no opinion on the viability of the Plaintiff's conversion theory under Indiana law as an additional basis for the same claim.

particular to all these elements, the pills contained in one bottle, prescribed under one prescription (by a particular practitioner, etc), may not also be prescribed to another patient under another prescription, even if the pills in the bottle contained the same drug. What the Defendants asked the Plaintiff to do may have been illegal.

The Court notes, however, that many more facts are needed to determine whether such a violation would have taken place. The Amended Complaint, for example, does not indicate what type of medication nor the controlled substance schedule of the medication the Plaintiff was asked to take from one resident and give to another. Nor does the Amended Complaint indicate whether some exigent circumstances, as the Defendant argues might have legal significance, played a role in the factual and legal situation in which the Plaintiff acted.

The Defendants argue that if a violation had occurred when the Plaintiff complied with the instructions she was given, the Defendants themselves and not the Plaintiff would have been personally liable for that violation. Showing that liability would fall on the Defendants as opposed to the Plaintiff would require more facts than are currently before the Court. The logical inference to be drawn from the Plaintiff's Amended Complaint, however, supports her assertion that she could have faced personal liability because "[a]s a matter of general criminal law, an individual who participates in a criminal violation is criminally responsible even if acting in a corporate capacity." *Comm'r, Dept. of Envtl. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 560 (Ind. 2001). The Plaintiff successfully pled a cause of action for wrongful discharge under Indiana law as she has plausibly alleged that she was fired for "refusing to commit an illegal act for which [s]he would [have been] personally liable." *See McClanahan,* 517 N.E.2d at 393.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendants' Motion for Partial Dismissal of Plaintiff's Second Amended Complaint [ECF No. 43].

SO ORDERED on November 7, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT